IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JORGE FLORES, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-17-3104 |
| STATE OF MARYLAND and RICHARD J. GRAHAM, JR., | * | |
| | * | |
| Respondents. | | |

***

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner Jorge Flores' Petition for Writ of Habeas Corpus. (ECF No. 1). Also pending are Petitioner's Motions to Appoint Counsel and for Discovery. (ECF Nos. 3, 8). For the reasons that follow, the Petition shall be dismissed and Petitioner's motions denied.

### I. BACKGROUND

Petitioner was convicted of first-degree murder, conspiracy to commit murder, and unlawful possession of a firearm in the United States District Court for the Northern District of Georgia. (Pet. at 2, ECF No. 1). He was sentenced to serve a term of life in prison. (Id.). On February 23, 2016, he states he was transferred from Allenwood Federal Correctional Institution, a Federal Bureau of Prisons (BOP) facility in White Deer, Pennsylvania, to North Branch Correctional Institution (NBCI) in Cumberland, Maryland. (Pet. Statement of Claim at 1, ECF No. 1-1). He was later transferred to Western Correctional Institution (WCI) also located in Cumberland, Maryland. (Id.). Flores states that he protested the transfer because he is "a federal prisoner . . . under

federal jurisdiction and not state jurisdiction." (Id.). When Flores requested a transfer back to a BOP facility, his request was denied. (Id.). He alleges that the denial of his request means that he has been illegally kidnapped by a State agency. (Id.). As relief, he requests a transfer back to a federal facility. (Id.).

In his Supplement to the Petition, Flores claims that he is "forced as a Federal prisoner to rely on Maryland State authorities . . . to provide him with adequate health care which they . . . refuse to do." (Suppl. at 2, ECF No. 4). He states he is a Mexican national and is barely able to speak, read, or write the English language, but WCI has no translators or staff to aid him with this litigation. (Id.). Flores relies on another inmate, John Fishback, for assistance with writing and filing pleadings. (Id.). Flores names defendants who are medical care providers at WCI and claims they have failed to provide him with treatment for a worsening hernia. (Id. at 3–5). As relief, he seeks monetary damages. (Id. at 6).

In their Answer, Respondents assert that the Petition should be dismissed both because Flores has not exhausted his state remedies with regard to his transfer of custody claim and because the petition is without merit. Respondents rely in part on a prior decision by this Court regarding an identical claim raised by Flores which was summarily dismissed without requiring an Answer. See Flores v. Moyer, Civil Action GLR-18-10 (D.Md. 2018). Flores did not file an appeal of that dismissal. With regard to Flores's supplemental pleading raising claims regarding his medical care, Respondents do not provide a response because it concerns an entirely different matter and is in the nature of a civil rights claim filed pursuant to 42 U.S.C. § 1983.

2

## II.     DISCUSSION

A.     <u>**Motions for Discovery and for Appointment of Counsel**</u>

In his Motion for Discovery (ECF No. 8), Flores asserts in an affidavit that he requires 120 days to conduct discovery so that he can learn the identity of the three correctional officers responsible for transporting him across state lines and to depose those officers. He also seeks to obtain regulations, policies, and procedural guidelines relevant to his claims. The evidence cited as a goal for Flores's discovery request is not relevant to the resolution of the claim asserted and will therefore be denied.

This pleading also reiterates the grounds for Flores's Motion for Appointment of Counsel (ECF No. 3) which he claims is necessary because he is unfamiliar with the English language and the nature of this litigation is complex.

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1),[1] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. See <u>Cook v. Bounds</u>, 518 F.2d 779 (4th Cir. 1975); <u>Branch v. Cole</u>, 686 F.2d 264 (5th Cir. 1982). There is no absolute right to appointment of counsel; an indigent claimant must present "exceptional circumstances." <u>Miller v. Simmons</u>, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." <u>Whisenant v. Yuam</u>, 739 F.2d 160, 163 (4th Cir. 1984), <u>abrogated on other grounds by</u> <u>Mallard v. U.S.</u>

---

[1] Under § 1915(e)(1), a Court of the United States may request an attorney to represent any person unable to afford counsel.

3

Dist. Ct., 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel).

Here, included with the Motion for Discovery are two pages which appear to be a personal letter, presumably from Fishback to Flores, indicating that preparing pleadings for Flores is difficult and vaguely referencing payment for the work he has done for Flores. Notably the letter, addressed to Flores, is written in English. The issues pending before the Court are not unduly complicated. Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Plaintiff under § 1915(e)(1). Thus, the Motion for Appointment of Counsel will also be denied.

**B.     Petition for Writ of Habeas Corpus**

    **1.     Standard of Review**

Res judicata, also known as claim preclusion, is a legal doctrine that promotes judicial efficiency and the finality of decisions. In re Microsoft Corp Antitrust Litigation, 335 F.3d 322, 325 (4th Cir. 2004). Under the doctrine of res judicata, a final judgment on the merits in an earlier decision precludes the parties from relitigating issues that were raised or could have been raised during that action. Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004). This doctrine applies when there is: (1) a final judgment on the merits in a prior lawsuit; (2) an identity of cause of action in both the earlier and later suits; and (3) an identity of parties or their privies in the two suits. Id. at 354–55. Although res judicata must ordinarily be pleaded as an affirmative defense, a court may raise the defense on its own motion if it is "on notice that it has previously decided the issue presented." Arizona v. California, 530 U.S. 392, 412 (2000); accord Clodfelter v.

4

Republic of Sudan, 720 F.3d 199, 208–10 (4th Cir. 2013); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655 (4th Cir. 2006). Such an action is warranted based on one of the underlying purposes of res judicata, "avoidance of unnecessary judicial waste." Arizona, 530 U.S. at 412.

In addition, "[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991) (quoting Peugeot Motors of America, Inc. v. E. Auto Distrib., Inc., 892 F.2d 355, 359 (4th Cir. 1989)).

### 2. Analysis

Flores raised the same claim regarding his transfer from BOP custody to a Maryland state correctional facility in Flores v. Moyer (Flores I), Civil Action GLR-18-10 (D.Md. 2018). In that case, this Court concluded:

> Flores's sole complaint is that he has never been convicted of a state crime, only a federal offense, and therefore should be in federal prison. Flores's mere presence in a state correctional facility as a federal prisoner does not state a constitutional claim where, as here, he does not claim his federal conviction is unlawful or improper. Thus, the Court concludes that Flores's Complaint fails to state a claim.

Flores I, slip op. at 3–4.

The identical analysis of Flores I applies to Flores's repeated claim that there was no authority to transfer him from a federal prison to a state facility. To the extent that Flores attempts to allege that his transfer has subjected him to cruel and unusual

punishment through his assertions that medical staff have left his hernia untreated, he fails to allege sufficient facts to support an allegation that the conditions at WCI are atypical prison conditions that are substantially harsh in relation to the ordinary incidents of prison life. See Beveratti v. Smith, 120 F.3d 500, 502–03 (4th Cir. 1997) (quoting Sandin v. Conner, 515 U.S. 472, 483–84 (1995)).

Thus, Flores fails to state a claim that he had a protected liberty interest in avoiding the particular transfer at issue and that he was deprived of that interest without due process of law. See Incumaa v. Stirling, 791 F.3d 517, 527 (4th Cir. 2015) (holding that general population is the baseline for atypicality for inmates who were transferred to "security detention" during service of their sentence). In the event Flores wishes to pursue damages regarding his medical care, he is free to file a separate §1983 complaint.

### III. CONCLUSION

For the foregoing reasons, the Court will grant dismiss Flores's Petition (ECF No. 1). A separate Order follows.

Entered this 31st day of July, 2018.

/s/
George L. Russell, III
United States District Judge